–O–

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARRY MARLON SUMMERS,

Petitioner,

v.

GARY S. SANDOR, WARDEN,

Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 12-1545-DOC (OP)

MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE

## I.

## INTRODUCTION

On August 28, 2012, Barry Marlon Summers ("Petitioner") constructively filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)  Pursuant to Rule 4 of

---

[1]  The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the

(continued...)

the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court.  Specifically, the Court finds that the Petition is subject to dismissal as second and successive.

## II.

## PROCEDURAL HISTORY

On March 14, 2002, Petitioner was convicted after a jury trial in the San Bernardino County Superior Court, case number FSB029047, of three counts of committing a lewd act upon a child (Cal. Penal Code § 288(a)).  (Pet. at 2.)  On December 18, 2002, Petitioner was sentenced to a total state prison term of twenty-five years to life, consisting of (1) a determinate term of ten years to life (eight years on Count 3 and two years on Count 2); to run consecutively to (2) an indeterminate term of fifteen years to life on Count 1, based on the multiple-victim allegation.  (Reporter's Transcript ("RT") at 590-95; Lodgment 8 at 2.[2])

Petitioner appealed the judgment to the California Court of Appeal.  On February 4, 2004, the court of appeal affirmed the judgment.  (Lodgments 5-8.)

Petitioner then filed a petition for review in the California Supreme Court.  (Lodgment 9.)  On April 28, 2004, the supreme court denied the petition.  (Lodgment 10.)

On April 16, 2007, Petitioner filed a habeas corpus petition in the California Supreme Court, case number S151913.  On September 12, 2007, the supreme court denied the petition with citation to In re Waltreus, 62 Cal. 2d 218 (1965), In re Dixon, 41 Cal. 2d 756 (1953), and In re Swain, 34 Cal. 2d 300, 304 (1949).

---

[1](...continued)
Petition over to the prison authorities for mailing.

[2]  All references to pleadings and Lodgments are taken from the Report and Recommendation issued in EDCV 05-306-DOC (OP).

1 | (Supp'l Lodgments 1, 2.)

2 |      On April 15, 2005, Petitioner filed his first § 2254 petition in this District.

3 | (EDCV 05-306-DOC (OP) ECF No. 1.)  On November 26, 2007, Petitioner filed a

4 | First Amended Petition ("FAP").  (Id. ECF No. 60.)  On January 29, 2010,

5 | Judgment was entered denying the FAP and dismissing the action with prejudice.

6 | (Id. ECF No. 82.)  On February 3, 2010, an Order was entered denying the

7 | issuance of a certificate of appealability.  (Id. ECF No. 83.)  On April 25, 2011, an

8 | Ordered was entered by the Ninth Circuit also denying the issuance of a certificate

9 | of appealability.  (Id. ECF No. 91.)

10 |      Petitioner has sought further habeas relief in the California Supreme Court,

11 | case numbers S164661 and S201114.  On December 17, 2008, and May 9, 2012,

12 | respectively, the supreme court denied the habeas petitions.  (Pet. at 3-5; Official

13 | Records of California Courts.[3])

14 | **III.**

15 | **DISCUSSION**

16 | **A.**   **Standard of Review.**

17 |      This Court may entertain a habeas application on behalf of a person who is

18 | in custody pursuant to a state court judgment and in violation of the Constitution,

19 | laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need

20 | neither grant the writ nor order a return if it appears from the application that the

21 | applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears

22 | from the face of the petition and any exhibits annexed to it that the petitioner is not

23 | entitled to relief in the district court, the judge must dismiss the petition and direct

24 | the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254

25 |

26 |      [3] The Court takes judicial notice of the state appellate court records for

27 | Petitioner's cases, which are available on the Internet at http://appellatecases. courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial

28 | notice of relevant state court records in federal habeas proceedings).

Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

4

1    28 U.S.C. § 2244(b).

2         Generally speaking, a petition is second or successive if it raises claims that
3    were or could have been adjudicated on the merits in a previous petition.  Cooper
4    v. Calderon, 274 F.3d 1270, 1273 (9th  Cir. 2001).  Moreover, although a
5    dismissal based upon the statute of limitations does not include an examination of
6    the merits of the underlying substantive claims presented in the petition, such a
7    dismissal is considered an adjudication of the merits for purposes of determining
8    whether a subsequent petition is successive under the AEDPA.  McNabb v. Yates,
9    576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as
10   time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits
11   and renders a subsequent petition second or successive for purposes of 28 U.S.C. §
12   2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

13        As set forth above, before a second or successive application permitted
14   under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the
15   appropriate court of appeals for an order authorizing the district court to consider
16   the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall
17   dismiss any claim presented in a second or successive application that the court of
18   appeals has authorized to be filed unless the applicant shows that the claim
19   satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4); see also
20   Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive"
21   under § 2244(b), district court lacks jurisdiction to consider petition absent
22   authorization from court of appeals) (citations omitted).

23   **B.    Analysis.**

24        It appears from the face of the Petition that Petitioner is challenging the
25   same 2002 conviction in the San Bernardino County Superior Court, case number
26   FSB029047, for which he was sentenced to a total state prison term of twenty-five
27   years to life.  (Pet. at 2.)  Since the current Petition is successive, Petitioner must
28   seek an order from the Ninth Circuit Court of Appeals authorizing this Court to

consider the Petition.  28 U.S.C. § 2244(b)(3)(A).  This Court finds no indication that Petitioner has obtained such approval prior to the filing of the current Petition. Thus, this Court lacks jurisdiction to address the merits of the Petition.  See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: September 30, 2012

_David O. Carter_
HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

6